```
                  United States District Court
                    District of Massachusetts
 _____
                                    )
Anthony Maffeo,                     )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Civil Action No.
                                    )    21-10251-NMG
White Pine Investments, et al.,     )
                                    )
          Defendants.               )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Anthony Maffeo, Jr. ("Maffeo" or "plaintiff") brings this action individually and as trustee of the 401(k) plan of Integrated Benefits Group, Insurance Brokerage, Inc. ("the IBG Plan") against defendants Andrew Kustas ("Kustas") and White Pine Investments ("White Pine") (collectively, "defendants"). Plaintiff asserts that defendants improperly managed the IBG Plan, causing plaintiff and other individual investors to lose a significant amout of money.

Pending before the Court is the motion of defendant Kustas, who appears pro se, to dismiss the complaint for failure to state a claim. For the reasons that follow, that motion will be denied.

-1-

**I.    Background**

Plaintiff is a Massachusetts resident and the President and founder of Integrated Benefits Group, Insurance Brokerage Inc., a Massachusetts corporation with its principal place of business in the Commonwealth. He is also apparently the trustee of the IBG Plan. Defendant Kustas is a New Hampshire resident and the owner of White Pine, an unincorporated New Hampshire registered investment advisor firm with its principal place of business in that state.

Plaintiff alleges that, in or about the fall of 2014, defendants began advising plaintiff and other individuals who invested in the IBG Plan. Kustas allegedly met with Maffeo and each of the individual investors to discuss their contributions to the IBG Plan but supposedly did not inquire about the individuals' risk tolerance, time horizon, investment background or knowledge of the proposed markets. Instead, plaintiff contends that Kustas invested the members' funds without providing them with any material relating to those investments or any subsequent updates as to how they were doing.

In the spring of 2020, plaintiff retained a new investment firm which reviewed the portfolio managed by defendants and concluded that defendants had made several misrepresentations with respect to the investments. Maffeo asserts that his new firm determined that Kustas' investments severely underperformed

and were totally inappropriate for Maffeo and the other individual investors. Plaintiff adds that, due to the timing of the investments, he and the other investors remain unable to divest them and, thus, continue to lose money.

Accordingly, in February, 2021, plaintiff filed this lawsuit seeking damages exceeding $400,000. He asserts five counts: (I) breach of fiduciary duty, (II) breach of contract, (III) unsuitability, (IV) failure to supervise: control person; respondeat superior and (V) negligence. In response, defendant Kustas has moved to dismiss the complaint, presumably for failure to state a claim.

## II. Motion to Dismiss

In March, 2021, defendant Kustas filed a single-spaced, pro se pleading in which he, moves to dismiss Count I (breach of fiduciary duty) of the complaint on statute of limitations grounds.[1]

---

[1] Defendant Kustas failed to comply with Local Rule 5.1 that requires all pleadings to be filed double-spaced. If he does so in the future, the pleading will be returned to him for correction before it is considered by the Court. Moreover, if defendant makes any further accusations of "lying" by counsel, he should either be prepared to back them up with evidence and refer them to the Board of Bar Overseers or show cause why he should not be sanctioned by this Court. See Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) ("While courts have historically loosened the reins for pro se parties, the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law." (internal quotation marks and citations omitted)).

Defendant asserts, specifically, that Maffeo's claim for breach of fiduciary duty is time barred because plaintiff was a client of White Pine only until 2015 and this lawsuit was filed in February, 2021, many years after the expiration of the applicable three-year statute of limitations period set forth in M.G.L. c. 260, § 2A.

Plaintiff responds that his claim is timely under the "discovery rule" because he did not become aware of the facts giving rise to the defendants' alleged misconduct until he hired a new investment firm in the spring of 2020. Because he filed this action in February, 2021, plaintiff contends that his breach of fiduciary duty claim is timely.

### A. Legal Standard

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

### B. Application

#### i. Statute of Limitations

A defendant may assert a statute of limitations defense in a motion to dismiss if "the facts establishing the defense are clear on the face of the plaintiff's pleadings." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (internal quotation marks and citations omitted). Granting a motion to dismiss on limitations grounds is appropriate, therefore, only when the complaint "leave[s] no doubt that an asserted claim is time-barred." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998). When a complaint "sketch[es] a factual predicate" warranting the tolling of the statute of limitations, however, dismissal is inappropriate. Trans-Spec Truck, 524 F.3d at 320.

In Massachusetts, claims for breach of fiduciary duty are subject to a three-year statute of limitations. See M.G.L. c. 260, § 2A. As a general rule, the tort accrues at the time the plaintiff is injured. See Koe v. Mercer, 876 N.E.2d 831, 836 (Mass. 2007). Massachusetts state courts have developed an exception to that rule, however, which provides that

> the statute of limitations starts when the plaintiff discovers, or reasonably should have discovered, [his injury].

Id. ("the discovery rule").

Here, defendant has failed to establish in his pro se pleadings that plaintiff's breach of fiduciary duty claim is time-barred. Plaintiff plausibly states in his complaint that he was unaware of any misrepresentations by Kustas or any misconduct with respect to his investing decisions until plaintiff retained a new investment firm in the spring of 2020 ("discovery date"). That describes a factual predicate which, if proved, would warrant the tolling of the statute of limitations until that alleged discovery date. If the limitation period was tolled, plaintiff filed his complaint within it.

In any event, "what the plaintiff knew or should have known" is generally "a factual question that is appropriate for the trier of fact". See Koe, 876 N.E.2d at 836. Accordingly, at this early stage of litigation, it is premature to determine

whether the discovery rule applies or plaintiff's claim is time-barred.  For that reason, this Court will deny defendant's motion to dismiss for failure to state a claim, without prejudice.

The Court also strongly urges defendant to retain counsel. If Kustas nevertheless chooses to proceed pro se, he will be expected to comply with the Federal Rules of Civil Procedure and professional protocol in pleading. Eagle Eye Fishing, 20 F.3d at 506 (noting that, by proceeding pro se, the [litigants] appeared "to have been penny wise and pound foolish").

### ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 6) is **DENIED without prejudice**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 28, 2021